1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RICARDO VALDEZ,

11              Plaintiff,                    No. 2:12-cv-2867 TLN EFB P

12        vs.

13    MATTHEW CATE, et al.,                   ORDER GRANTING IFP, DENYING
                                              APPOINTMENT OF COUNSEL, AND
14              Defendants.                   SCREENING ORDER DISMISSING
                                              COMPLAINT WITH LEAVE TO AMEND
15    _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17    U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18    U.S.C. § 636(b)(1).  In addition to filing a complaint, plaintiff has filed an application to proceed

19    in forma pauperis and a request for appointment of counsel.[1]

20    ////

21    ////

22

23        [1] Plaintiff also filed a "second amended complaint" in response to a "court order."  Dckt.
      No. 11.  While the undersigned did not direct plaintiff to file an amended complaint in this
24    action, plaintiff was granted leave to amend his complaint in *Valdez v. Cate*, No. 2:12-cv-2854
      JAM EFB, Dckt. No. 17 (Mar. 12, 2013 order granting plaintiff leave to file an amended
25    complaint within thirty days).  Because it appears that plaintiff intended to file the amended
      complaint in *Valdez*, No. 2:12-cv-2854, the Clerk of the Court is directed to file the amended
26    complaint in that action and it will be stricken from this action.

1

1    **I.      Request to Proceed In Forma Pauperis**

2           Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

3    Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

4    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

5    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

6    § 1915(b)(1) and (2).

7    **II.     Request for Appointment of Counsel**

8           Plaintiff requests that the court appoint counsel.  District courts lack authority to require

9    counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist.*

10   *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

11   attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

12   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

13   (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

14   consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate

15   his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560

16   F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no

17   exceptional circumstances in this case.

18   **III.    Screening Order**

19          Federal courts must engage in a preliminary screening of cases in which prisoners seek

20   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

22   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

23   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

24   relief."  *Id.* § 1915A(b).

25          A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

26   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short

1  and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

2  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

3  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

4  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

5  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129

6  S. Ct. 1937, 1949 (2009).

7       To avoid dismissal for failure to state a claim a complaint must contain more than "naked

8  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

9  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

10  a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*,

11  129 S. Ct. at 1949.

12       Furthermore, a claim upon which the court can grant relief must have facial plausibility.

13  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

14  content that allows the court to draw the reasonable inference that the defendant is liable for the

15  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

16  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

17  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

18  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

19       The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds

20  that it must be dismissed.  The form complaint lists the names of defendants, includes a request

21  for relief, but no factual allegations.  Under the heading "Statement of Claim," it states, "See,

22  Appendix A." Dckt. No. 1.  Attached to the form complaint are nearly 200 pages of exhibits,

23  including many medical records, but no "Appendix A" or other statement of plaintiff's claim.

24  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

25  and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*,

26  733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

1   particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because

2   plaintiff fails to allege *any* facts in support of a claim for relief, the complaint must be

3   dismissed.[2]

4       Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

5   cognizable legal theory against a proper defendant and sufficient facts in support of that

6   cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

7   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

8   their complaints). Should plaintiff choose to file an amended complaint, the amended complaint

9   shall clearly set forth the claims and allegations against each defendant. Any amended

10  complaint must cure the deficiencies identified above and also adhere to the following

11  requirements:

12      Any amended complaint must identify as a defendant only persons who personally

13  participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

14  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

15  constitutional right if he does an act, participates in another's act or omits to perform an act he is

16  legally required to do that causes the alleged deprivation). It must also contain a caption

17  including the names of all defendants. Fed. R. Civ. P. 10(a).

18      Any amended complaint must be written or typed so that it so that it is complete in itself

19  without reference to any earlier filed complaint. L.R. 220. This is because an amended

20  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

21  earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

22  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

23

24      [2] The court previously noted the similarities between the original complaint in this action
    and that in *Valdez*, No. 2:12-cv-2854. *See* Dckt. No. 7. Plaintiff is reminded that if he did
25  not intend to commence two separate civil rights actions, he may file a notice of voluntary
    dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure and proceed with *Valdez*,
26  No. 2:12-cv-2854, the action that he filed first.

1   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

2   1967)).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

3   amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

4   complaints).

5         Moreover, plaintiff is hereby informed that because this case is only in the pleading

6   stage, he need not prove his claims with evidence at this time.  At this stage, plaintiff is only

7   required to provide notice of his claim through  "a short and plain statement."  Fed. R. Civ. P.

8   8(a).  By inundating the court with evidence at this stage in the proceedings, plaintiff only

9   burdens the court, confuses the records, and delays his lawsuit.  If this action proceeds to a point

10  where submission of evidence is appropriate, for example, summary judgment or trial, plaintiff

11  will have the opportunity to submit necessary evidence.  But in amending his complaint, plaintiff

12  should simply state the facts upon which he alleges a defendant has violated his constitutional

13  rights and refrain from submitting exhibits.

14        In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation

15  of a federal constitutional or statutory right; and (2) that the violation was committed by a person

16  acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v.*

17  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).   An individual defendant is not liable on a civil

18  rights claim unless the facts establish the defendant's personal involvement in the constitutional

19  deprivation or a causal connection between the defendant's wrongful conduct and the alleged

20  constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.*

21  *Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

22        To state a claim for violation of the Eighth Amendment based on inadequate medical

23  care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

24  indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,

25  plaintiff must show both that his medical needs were objectively serious, and that defendant

26  possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991);

1   *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

2   significantly affects an individual's daily activities, an injury or condition a reasonable doctor or

3   patient would find worthy of comment or treatment, or the existence of chronic and substantial

4   pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other*

5   *grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

6        Deliberate indifference may be shown by the denial, delay or intentional interference

7   with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United*

8   *States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official

9   must both be aware of facts from which the inference could be drawn that a substantial risk of

10  serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837

11  (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious

12  harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.

13       It is important to differentiate common law negligence claims of malpractice from

14  claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual

15  punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical

16  malpractice' will not support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d

17  458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also*

18  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Moreover, it is well established that

19  mere differences of opinion concerning the appropriate treatment cannot be the basis of an

20  Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin*

21  *v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

22       Accordingly, the court hereby orders that:

23       1.  Plaintiff's request to proceed *in forma pauperis* is granted.

24       2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

25  accordance with the notice to the Director of the California Department of Corrections and

26  Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4.  The Clerk of the Court shall strike the second amended complaint (Dckt. No. 11) from this action, and re-file it as a second amended complaint in *Valdez v. Cate*, No. 2:12-cv-2854.

5.  Plaintiff's request for appointment of counsel (Dckt. No. 3) is denied.

Dated:  May 8, 2013.

_____

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE